IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

Civil Action No. 1:21-cv-00514

| | |
|---|---|
| Dr. DEIRDRE LEANE, ) | |
|     Plaintiff, ) | |
| ) | **AMENDED** |
| v. ) | **VERIFIED COMPLAINT** |
| ) | |
| WILLIAM RALPH "BILLY" ) | (Jury Trial Demanded) |
| CARTER, JR., ) | |
|     Defendant. ) | |
| ) | |

**NOW COMES** the Plaintiff Dr. Deirdre Leane, by and through undersigned counsel Akiva M. Cohen and T. Greg Doucette, and pursuant to Fed. R. Civ. P. Rule 15(a)(1)(B) amends her Complaint and complains of the above-captioned Defendant as follows:

## I.  PARTIES

1.  Plaintiff Dr. Deirdre Leane ("Plaintiff") is a citizen of Ireland and a resident of Texas residing at 6422 Bryan Parkway in Dallas.

2.  Upon information and belief, the Defendant William Ralph "Billy" Carter Jr. ("Defendant") is a citizen and resident of North Carolina residing at 4309 Hoke Lane in Greensboro.

## II.  JURISDICTION AND VENUE

3.  This Court has personal jurisdiction over Defendant under Fed. R. Civ. P. 4(e) and North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4.

4.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), as the parties are completely diverse and the matter in controversy exceeds the sum of $75,000.00 USD exclusive of interest and costs.

5. Venue in this Court is proper under 28 U.S.C. § 1391(b).

### III. FACTS

6. Plaintiff and Defendant are former coworkers at a business focused on patent acquisition, monetization, and litigation.

7. Following her departure from that business, Plaintiff started her own business related to patent consulting services.

8. Upon information and belief, Defendant also left that business and began a variety of business ventures of his own.

9. Beginning on or about 2014, Defendant periodically sought loans from Plaintiff to finance a variety of his activities.

10. Plaintiff agreed to loan monies to the Defendant in exchange for repayment, and began a ledger to document amounts loaned to the Defendant over time.

11. Both parties intended for the individual transactions to be considered as a connected series rather than as independent of each other.

12. Both parties expected to continue further business dealings with the other.

13. The repayment dates of amounts loaned by Plaintiff were adjusted over time, with the balance Defendant owed Plaintiff adjusted accordingly on the account ledger.

14. The current ledger of the Defendant's account with Plaintiff is attached hereto as Exhibit A.

15. Defendant has periodically acknowledged the validity of the debt he owes Plaintiff, as well as the amount owed. For example:

    a. On or about 27 July 2015, Defendant orally asked Plaintiff for a statement of the amount he owed; in response Plaintiff emailed Defendant a copy of

Defendant's ledger at the time reflecting a balance owed of $95,120.00 USD. Defendant did not object or dispute the amount then owed.

b. On or about 7 August 2017, Defendant sent a text message to Plaintiff asking for an additional loan of $5,000.00 USD; Plaintiff responded to Defendant that his then-balance owed was over $240,000.00 USD. In response, Defendant texted "I understand." and renewed his promise to repay Plaintiff.

c. On or about 30 April 2020, Defendant's attorney Mark Raskin emailed Plaintiff a self-styled "Letter Agreement Re: Promissory Note Purchase and Repayment of Debt(s)." Raskin's email containing the document stated "As you know, Bob [attorney Robert Whitman] and I have been talking to Billy about your concerns. He wanted to come up with a proposal that he thought would be fair. The attached reflects his goal and he hopes you feel this is a reasonable compromise."

16. As of the date of this filing, Defendant has not repaid Plaintiff the amounts owed as identified in Exhibit A.

### IV. FIRST CAUSE OF ACTION: ACTION ON OPEN ACCOUNT

17. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Plaintiff opened an account for the Defendant, for which she maintained a ledger of dates and amounts of loans made, as well as any applicable credits and debits over time.

19. Plaintiff loaned to Defendant the amounts identified in the ledger.

20. The amount identified in the ledger has been due and owing since the last transaction between the parties, a partial repayment made by Defendant to Plaintiff on 21 April 2020.

## V. SECOND CAUSE OF ACTION: BREACH OF CONTRACT

In the alternative, should the Court conclude Plaintiff has failed to state a claim for action on an open account:

21. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. A valid contract existed between the Plaintiff and the Defendant, wherein Plaintiff agreed to loan amounts to the Defendant and the Defendant agreed to repay Plaintiff the amounts so loaned.

23. A meeting of the minds existed between the parties as to the contract terms, and the exchange of mutual promises constituted sufficient consideration for the agreement.

24. Defendant breached the terms of the contract by failing to pay the amount due and owing to the Plaintiff.

## VI. THIRD CAUSE OF ACTION: UNJUST ENRICHMENT

In the alternative, should the Court conclude Plaintiff has both failed to state a claim for action on an open account and has failed to state a claim for breach of contract:

25. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Plaintiff provided loans to the Defendant totaling $283,452.94 USD.

27. The loans were knowingly and voluntarily accepted by the Defendant.

28. The loans provided by Plaintiff were not given to Defendant gratuitously, but were instead given with the expectation of repayment.

29. Should the Court conclude both the open account and the contract between Plaintiff and Defendant are void or otherwise unenforceable for any reason, Defendant nonetheless has been unjustly enriched by taking $283,452.94 USD from Plaintiff without repayment.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, based upon the foregoing, the Plaintiff respectfully prays that:

1. A trial by jury be granted on all issues so triable;

2. Plaintiff have and recover of the Defendant an amount in excess of $75,000.00 to be determined at trial;

3. Plaintiff have and recover of the Defendant post-judgment interest at the 8.00% per annum legal rate from the date of judgment;

4. The costs of this action be taxed against the Defendant; and,

5. The Court grant any such additional and further relief as this Court deems proper and just.

*** SIGNATURES ON THE FOLLOWING PAGE ***

Respectfully submitted this the ___20th___ day of _____October_____, 2021.

                      KAMERMAN, UNCYK, SONIKER & KLEIN, PC

                      /s/ Akiva M. Cohen
                      Akiva M. Cohen
                      New York Bar No. 4328969
                      *Admission via Special Appearance*

                      ATTORNEYS FOR PLAINTIFF
                      1700 Broadway  16th Floor
                      New York, NY  10019-5977
                      Phone: (212) 400-4930
                      Email: acohen@kusklaw.com


                      THE LAW OFFICES OF T. GREG DOUCETTE PLLC


                      /s/ T. Greg Doucette
                      T. Greg Doucette
                      North Carolina Bar No. 44351
                      *Local Counsel*

                      311 E. Main Street
                      Durham, North Carolina  27701-3717
                      Phone: (919) 998-6993
                      Email: greg@tgdlaw.com