IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| Dr. DEIRDRE LEANE,<br><br>    Plaintiff,<br><br> v.<br><br>WILLIAM RALPH "BILLY"<br>CARTER, JR.,<br><br>    Defendant. | Case No: 1:21-cv-00514 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS**

KAMERMAN, UNCYK, SONIKER &
 KLEIN P.C.
Akiva M. Cohen, Esq.
*Attorneys for Defendants*
1700 Broadway, 16th Floor
New York, New York 10019
(212) 400-4930
acohen@kusklaw.com

THE LAW OFFICES OF T. GREG
 DOUCETTE PLLC
T. Greg Doucette
North Carolina Bar No. 44351
*Local Counsel*
311 E. Main Street
Durham, North Carolina 27701
(919) 998-6993
greg@tgdlaw.com

# TABLE OF CONTENTS

INTRODUCTION..................................................... 1
STATEMENT OF FACTS............................................... 3
ARGUMENT......................................................... 4
  I.   STANDARD ON A MOTION TO DISMISS BASED ON AN
      AFFIRMATIVE DEFENSE ......................................... 4
  II.  THE MOTION MUST BE DENIED BECAUSE THE FACE OF THE
      COMPLAINT DOES NOT CLEARLY ESTABLISH THAT THE CLAIMS
      ARE BARRED BY THE STATUTE OF LIMITATIONS .................... 7
    A.  The Applicable Limitations Period Did Not Run
        From the Date of the Loans ............................... 7
    B.  Even If the Limitations Period Ran From The Loan Dates
        the Complaint Does Not Clearly Allege Facts Establishing
        the Claim is Time Barred ................................ 11
  III. THERE IS NO BASIS TO CHALLENGE DIVERSITY JURISDICTION . 12
CONCLUSION...................................................... 13
CERTIFICATION OF WORD COUNT..................................... 13
CERTIFICATE OF SERVICE.......................................... 15

# **TABLE OF AUTHORITIES**

Cases                                                                Page

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................. 4

*Bohn v. Black*, No. 17 CVS 228, 2019 WL 2341351
  (N.C. Super. June 3, 2019) ..................................... 9

*Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178
  (4th Cir. 1996) ............................................. 6, 7

*CSX Transp., Inc. v. Gilkison*, 406 Fed. Appx. 723
  (4th Cir. 2010) ................................................ 5

*Feltman v. City of Wilson*, 238 N.C. App. 246
  (N.C. Ct. App. 2014) ..........................................12

*Goodman v. Praxair, Inc.*, 494 F.3d 458
  (4th Cir. 2007) ....................................... 5, 7, 9, 10

*Graves v. O'Connor*, 199 N.C. 231 (1930)......................... 8

*Helms v. Prikopa*, 51 N.C.App. 50 (N.C. Ct. App. 1981).......... 8

*Hollingsworth v. Allen*, 97 S.E. 625 (N.C. 1918)...............10

*Metals Corp. v. Weinstein*, 236 N.C. 558 (1952)................. 8

*Michael v. Foil*, 100 N.C. 178 (1888)........................... 8

*Phillips & Jordan Inv. Corp. v. Ashblue Co.*,
  86 N.C. App. 186 (N.C. Ct. App. 1987) ......................... 8

*Rawls v. Lampert*, 58 N.C. App. 399 (N.C. Ct. App. 1982).....8, 9

*Richmond, Fredericksburg & Potomac R. Co. v. Forst*,
  4 F.3d 244 (4th Cir. 1993) .................................... 6

*Wells v. Barefoot*, 55 N.C. App. 562 (N.C. Ct. App. 1982)......11

*Whitley's Elec. Svc., Inc. v. Sherrod*, 238 S.E.2d 607, 612
   (N.C. 1977) .............................................. 12

**INTRODUCTION**

Plaintiff Deirdre Leane ("Leane") loaned her former co-worker and business partner, Defendant Billy Carter ("Carter") more than $200,000: money he begged her for, accepted, agreed to repay, partially repaid, and repeatedly affirmed his obligation to repay – before defaulting and refusing to repay it. Now that Ms. Leane has filed suit to recover on the loans, he seeks to enlist the Court in his attempt to steal the money he borrowed, arguing that Ms. Leane's complaint should be dismissed for failure to state a claim. As shown herein, that argument is as meritless as it is brazen, and must be rejected.

Indeed, Defendant's motion is premised on two fundamental mistakes. First, Defendant's motion assumes that North Carolina's statute of limitations begins running on the date of each loan. It does not. As a matter of North Carolina law, the statute of limitations on loans runs from breach; on oral loans with no set repayment terms, the statute of limitations does not begin running until a "reasonable time" for repayment has passed. And North Carolina law is crystal clear that defining a "reasonable time" is a fact question that varies from loan to loan and can only be determined by the jury.

Second, Defendant entirely inverts the burden on a 12(b)(6) motion premised on the statute of limitations. Because the

1

statute of limitations is an affirmative defense, and plaintiffs have no burden to plead facts responsive to affirmative defenses, the Court can only dismiss a complaint as barred by the statute of limitations if the allegations affirmatively and conclusively show that the applicable statute forecloses the claims alleged. Yet, though Carter's argument is that the bulk of Ms. Leane's claims are barred by North Carolina's three-year statute of limitations, his motion argues not that the Complaint[1] affirmatively establishes that the claims are time-barred, but that Ms. Leane did not plead facts allowing for the "clear inference" that the statute has not run. Dkt. 17 at 9.

These two errors are fatal, singly or together. As shown in Point II.A below, Defendant's motion does not even gesture at the idea that the Complaint affirmatively pled a date of breach more than three years in advance of filing, relying entirely on the loan dates. Directly on-point Fourth Circuit precedent makes clear that alone is a basis to deny a motion to dismiss premised on the statute of limitations. And as shown in Point II.B below, even were that not the case, and even had the limitations period begun running from the date of the loans, Defendant could not carry his burden, particularly given that Ms. Leane alleged Carter's partial payments on the debt within the limitations

---

[1] Dkt. No. 14.

2

period ($5,000 on November 21, 2019 and two $100 payments on April 21, 2020), which, along with Carter's repeated acknowledgement of the debt, which would extend the limitations period under North Carolina law.

Because all of the above foreclose dismissal based on the statute of limitations, Carter's remaining arguments for dismissal are moot; the amount in controversy remains above $75,000 and the Court's diversity jurisdiction was appropriately invoked. As such, the motion must be denied in its entirety.

## STATEMENT OF FACTS

For purposes of a motion to dismiss, the Court must take as a given the well-pled facts of the Complaint and view them in the light most favorable to Plaintiff. Thus, on this motion, the facts are these:

Plaintiff and Defendant are former co-workers. Complaint, ¶ 6. Beginning in 2014, Carter would periodically borrow funds from Ms. Leane. *Id.*, ¶ 9. Plaintiff kept track of the loans on a ledger, attached to the Complaint as Exhibit A, and both parties intended the loans to be viewed as a connected series of transactions, rather than as independent transactions. *Id.*, ¶¶ 10-11, 14. The parties expected to do continued business with each other, and the repayment dates of the loans were adjusted over time. *Id.*, ¶¶ 12-13. Defendant periodically acknowledged

3

the amounts due and made partial payments towards that amount. *Id.*, ¶¶ 15 & 20 & Ex. A. The amount currently due is over $283,000, *id.*, Ex. A, and Defendant has not made a payment towards that amount since April 21, 2020. *Id.*

## ARGUMENT

### I. STANDARD ON A MOTION TO DISMISS BASED ON AN AFFIRMATIVE DEFENSE

A 12(b)(6) motion based on an affirmative defense is categorically different from a motion to dismiss for failure to state a claim based on a plaintiff's failure to plead an essential element of her claims. On a typical motion to dismiss for failure to state a claim, it is the Plaintiff's burden to plead facts sufficient to "provide the 'grounds' of [her] 'entitle[ment] to relief'" by stating a claim that "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 & 570 (2007). A claim is plausible when the pleading includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, for instance, Plaintiff's Complaint alleges claims for action on an open account, breach of contract, and unjust enrichment, and it was thus her burden to allege facts sufficient to establish each element of those claims. Significantly, Defendant does not challenge (and therefore concedes) that Plaintiff did just that;

4

at no point does Defendant suggest that the facts pled do not give rise to a plausible claim that he is indeed liable on those counts.

Instead, Defendant argues that one of his (as-yet unpled) affirmative defenses, the statute of limitations, bars Plaintiff's claim, Dkt. 17 at 5 (Point V(B)(I)), 10 (Point V(B)(II)), and that this in turn renders the amount in controversy less than $75,000. *Id.* at 11 (Point V(C)). Because a plaintiff has no obligation to plead in the complaint their responses to a defendant's potential affirmative defenses, *CSX Transp., Inc. v. Gilkison*, 406 Fed. Appx. 723, 728 (4th Cir. 2010) (reversing grant of motion to dismiss on basis of statute of limitations), the burden on a motion to dismiss based on the statute of limitations is very different. Rather than it being the *Plaintiff's* burden on this motion to show that she pled facts sufficient to avoid the statute of limitations, it is *Defendant's* burden to show that the facts pled in the Complaint conclusively establish that the statute of limitations entirely bars her claims. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (reversing grant of a motion to dismiss based on the statute of limitations).

Thus, if there is any uncertainty at all about whether the statute of limitations will apply – whether because the

5

Complaint fails to plead facts necessary to the evaluation of whether the statute applies, or because the Complaint affirmatively pleads facts that might, alone or in concert with other, unpled facts, establish that the claims are not barred by the statute – the motion may not be granted. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996) ("Dismissal is inappropriate unless, accepting as true the well-pleaded facts in the complaint and viewing them in the light most favorable to the plaintiff, 'it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim"). Only if Plaintiff affirmatively pled facts confirming that her claims are time barred can the Court dismiss. *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) ("In the limited circumstances where the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)(6), but only if it clearly appears on the face of the complaint").

Despite the different burden on a motion to dismiss premised on an affirmative defense, the Court's deference to the facts pled by Plaintiff remains the same: on this motion to dismiss, the Court must take as true the well-pled facts of the

6

Complaint and afford Plaintiff the benefit of every reasonable inference therefrom. *Brooks,* 85 F.3d at 181.

**II. THE MOTION MUST BE DENIED BECAUSE THE FACE OF THE COMPLAINT DOES NOT CLEARLY ESTABLISH THAT THE CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS**

The argument that a plaintiff's claims are barred by a statute of limitations is an affirmative defense; as such, it cannot be raised via a motion to dismiss except in "the relatively rare circumstances where facts sufficient to rule on an affirmative defense … clearly appear *on the face of the complaint*." *Goodman*, 494 F.3d at 464 (cleaned up, emphasis in original). Here, the face of the Complaint does not set out facts sufficient to rule on Defendant's statute of limitations argument, for two reasons. First, because as a matter of North Carolina law, the statute of limitations applicable to Plaintiff's loans does not run from the date of the loans. And second, because even if the relevant limitations period ran from the date of the loans, Plaintiff's Complaint would not affirmatively establish that it barred her claims. For both reasons, the motion must be denied.

   **A. The Applicable Limitations Period Did Not Run From the Date of the Loans**

Defendant's entire argument is premised on a fundamental error: that North Carolina's three-year statute of limitations ran from the date of Plaintiff's loans (which, for the most

7

part, were made more than three years prior to filing this action). Dkt. 17 at 7. But that is not North Carolina law. Rather, as Defendant recognizes, Plaintiff's claim is for recovery of money lent to Defendant "pursuant to oral agreements between the parties," Dkt. 17 at 1, which incorporated "no specific repayment terms." Dkt. 17 at 3. Under North Carolina law, such loans are payable within a reasonable time. *Phillips & Jordan Inv. Corp. v. Ashblue Co.,* 86 N.C. App. 186, 188 (N.C. Ct. App. 1987). *See also Metals Corp. v. Weinstein*, 236 N.C. 558, 561 (1952); *Graves v. O'Connor*, 199 N.C. 231, 235 (1930); *Michael v. Foil*, 100 N.C. 178, 191 (1888); *Helms v. Prikopa*, 51 N.C.App. 50 (N.C. Ct. App. 1981). Accordingly, the agreement is not breached (and the statute of limitations therefore does not begin to run) until a reasonable time for repayment has passed. *Phillips & Jordan*, 86 N.C. App. at 188 ("In essence, a party has a reasonable time period plus three years in which to bring the action before it is barred by the statute of limitations"). The determination of what constitutes a reasonable time for repayment requires "taking into account the purposes the parties intended to accomplish," *Rawls v. Lampert*, 58 N.C. App. 399, 400 (N.C. Ct. App. 1982), and may involve considering the conduct of the parties during the time the loan is outstanding, *Bohn v. Black*, No. 17 CVS 228, 2019 WL 2341351, at *12 (N.C. Super. June

8

3, 2019). It thus involves a mixed question of fact and law, and as such, must be referred to the jury. *Rawls*, 58 N.C. App. at 401 (applying that rule to a 20-year delay in seeking repayment). To dramatically understate it, Defendant cannot carry the burden of a motion to dismiss here.

Indeed, even without that rule, Defendant could not succeed on a motion to dismiss, because the statute of limitations period runs from breach, and the Complaint does not specifically plead a date on which Defendant breached the agreement to repay Plaintiff. That, of course was exactly the basis on which the Fourth Circuit reversed the statute of limitations dismissal in *Goodman*. *Goodman*, 494 F.3d at 466 ("there are no allegations sufficient to determine when the obligation to pay arose or when Tracer Research could be deemed to have refused to make payment. The most the complaint says is that at some unspecified time after December 19, 2000, Tracer Research 'failed and refused' to pay, breaching the contract. Accordingly, we conclude that the face of the complaint does not allege facts sufficiently clear to conclude that the statute of limitations had run …").[2]

---

[2] The identical analysis applies to Plaintiff's unjust enrichment claims, which Defendant acknowledges would have accrued "when the wrong is complete." Dkt. 17 at 10. The wrong alleged was not Defendant's *receipt* of the loans but his refusal to repay them. Complaint at ¶ 16. Yet Defendant's entire argument is based on the dates "all but the final two alleged loan payments were *provided to* Defendant." Dkt. 17 at 10 (emphasis added). Because that would not be the accrual date for any of Plaintiff's claims, those dates are

9

Similarly, on Plaintiff's claim for action on an open account, Defendant's brief itself establishes that the motion must be denied. Defendant cites *Hollingsworth v. Allen*, 97 S.E. 625, 626 (N.C. 1918) for the proposition that, on a non-mutual open account, the statute of limitations runs from the date of each item "*unless* there has been a payment within the statutory period." Dkt. 17 at 6 (emphasis added), *quoting Hollingsworth*.[3] Defendant does not suggest that the Complaint affirmatively alleges that the account was *not* mutual; rather, Defendant argues that the Complaint does not affirmatively allege that the account *was* mutual. Dkt. 17 at 7 ("Plaintiff in this action has alleged an account containing only credit on one side and payments on the other …"). As the Fourth Circuit explained in *Goodman*, however, Plaintiff had no burden to allege facts beyond the elements of her affirmative claims in order to pre-refute a not-yet-pled affirmative defense. 494 F.3d at 466 ("To require otherwise would require a plaintiff to plead affirmatively in his complaint matters that might be responsive to affirmative

---

irrelevant to the analysis, and the Complaint does not make clear on its face that the statute of limitations bars the unjust enrichment claim.

[3] Defendant appears to misread *Hollingsworth* and N.C.G.S. § 1-31, which address actions on a mutual open account, and provide that the statute begins to run on *every* party's claims whenever *either* party last provided an item. N.C.G.S. § 1-31 ("from the time of the latest item proved in the account *on either side*"). That statute merely provides that where an account is mutual, either party can take advantage of the latest loan or payment by *either* party, rather than being limited to *their own* latest loan or *their counterparty's* latest payment, as on a non-mutual open account.

10

defenses even before the affirmative defenses are raised. Of course, no such pleading is required …"). In any event the Complaint specifically alleges that there *was* a "payment within the statutory period": "the last transaction between the parties, a partial repayment made by Defendant to Plaintiff on 21 April 2020." Dkt. 17 at 9, *quoting* Complaint, ¶ 20. Thus, under *Hollingsworth*, Plaintiff's action is timely regardless of whether the open account was mutual.

**B. Even If the Limitations Period Ran From The Loan Dates, the Complaint Does Not Clearly Allege Facts Establishing the Claim is Time Barred**

Finally, even were none of the above an issue, as a matter of North Carolina law a partial repayment restarts the limitations period governing Plaintiff's claims, *Wells v. Barefoot*, 55 N.C. App. 562, 566 (N.C. Ct. App. 1982), and Plaintiff indisputably alleged a partial repayment in 2020, well within the limitations period. Complaint, ¶ 20. Plaintiff also pled that Defendant acknowledged the debt in 2017, continued borrowing in 2019 after that acknowledgement, and then re-acknowledged the existence of the debt in 2020. *Id.*, ¶¶ 15, 20. As an initial matter, those facts would be more than sufficient to allow a jury to find a "clear inference" that "Defendant recognized the debt, and acknowledged his willingness, or at minimum, his obligation, to pay the balance," which is all North

11

Carolina law requires. *Whitley's Elec. Svc., Inc. v. Sherrod*, 238 S.E.2d 607, 612 (N.C. 1977). But even if Plaintiff would require more to sustain a judgment in her favor on summary judgment or at trial, at this pleading stage the only relevant question is whether the Complaint on its face establishes that Plaintiff could not under any circumstances overcome the affirmative defense of the statute of limitations. *Feltman v. City of Wilson*, 238 N.C. App. 246, 251 (N.C. Ct. App. 2014). Defendant's eventual argument that his texts and letters were not indicators that he recognized the debt, or that his partial payments were somehow made with an undisclosed intent to dispute the debt, is an issue for discovery (and, eventually, a fact question for the jury). At this pleading stage, however, the Court must draw the reasonable inference that Defendant's partial repayment was made in recognition of his obligation on the debt. As such, the Complaint does not clearly allege facts showing that North Carolina's statute of limitations would indisputably bar the claim. As such, the motion must be denied.[4]

### III. **THERE IS NO BASIS TO CHALLENGE DIVERSITY JURISDICTION**

Defendant's sole basis for attacking the Court's diversity jurisdiction is the argument that, if the Court finds that the

---

[4] If the Court does find that Plaintiff's claims are time-barred, Plaintiff respectfully requests leave to amend her complaint to, among other things, include a claim for constructive fraud.

12

bulk of the claims are time-barred, the amount in controversy would be less than $75,000. Dkt. 17 at 11-13. Because the statute of limitations does not bar any of Plaintiff's claims, and in any event cannot support dismissal of those claims at this stage, this argument is moot.

## CONCLUSION

For the reasons set forth above, the motion should be denied in its entirety.

## CERTIFICATION OF WORD COUNT

Pursuant to Local Rule 7.3(d)(1), the undersigned hereby certifies that the body of the above brief, including headings and footnotes, does not exceed 6,250 words.

Respectfully Submitted,
This the 4th day of January, 2022.

[Signatures on Following Page]

13

Kamerman, Uncyk, Soniker &
  Klein P.C.

  */s/ Akiva M. Cohen*
Akiva M. Cohen
*Attorney for Defendants*
1700 Broadway
New York, New York 10019
(212) 400-4930
acohen@kusklaw.com


The Law Offices of T. Greg
  Doucette PLLC

  */s/ T. Greg Doucette*
T. Greg Doucette
North Carolina Bar No. 44351
*Local Counsel*
311 E. Main Street
Durham, North Carolina 27701-
  3717
(919) 998-6993
greg@tgdlaw.com

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that this day he served a copy of the foregoing document on counsel of record by electronically filing same via the ECF System, which will send notice to all counsel of record as follows:

Ben E. Klein
NC Bar No. 40993
Email: ben@sklawnc.com

Grant Sigmon
NC Bar No. 43205
Email: grant@sklawnc.com

114 N. Elm St., Ste. 210
Greensboro, NC 27401
Telephone: 336-663-8773
Facsimile: 336-663-8777

This the 4th day of January, 2022.

                                        KAMERMAN, UNCYK, SONIKER &
                                             KLEIN P.C.
Akiva M. Cohen, Esq.
*Attorneys for Defendants*
1700 Broadway, 16th Floor
New York, New York 10019
(212) 400-4930
acohen@kusklaw.com

THE LAW OFFICES OF T. GREG
  DOUCETTE PLLC
T. Greg Doucette
North Carolina Bar No. 44351
*Local Counsel*
311 E. Main Street
Durham, North Carolina 27701
(919) 998-6993
greg@tgdlaw.com

15