IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| DR. DEIRDRA LEANE,<br><br>                Plaintiff,<br>v.<br><br>WILLIAM RALPH CARTER, JR.,<br><br>                Defendant. | Civil Action No. 1:21 – CV – 00514 |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant William R. Carter, Jr., (hereinafter "Defendant") by and through his undersigned counsel, and pursuant to Local Rule 7.3(h), hereby submits this Reply Brief in Support of Defendant's Motion to Dismiss. For the reasons set forth in Defendant's opening Brief, and for the reasons set forth herein, Defendant's Motion to Dismiss should be granted in part and Plaintiff's claim for Action on Open Account should be dismissed.

I.     Introduction

Dr. Deirdra Leane (hereinafter "Plaintiff") makes three arguments in opposition to Defendant's Motion to Dismiss. First, Plaintiff generally argues that Defendant cannot prevail on an affirmative defense at this stage of the proceedings. (Dkt. 21, pp. 4 – 6). Second, Plaintiff argues that the face of the Amended Verified Complaint does not subject Plaintiff's claims to dismissal based on a statute of limitations defense. (Dkt. 21, pp. 7 – 12). Finally, Plaintiff argues that the jurisdictional issues raised by Defendant,

particularly the amount in controversy threshold, are now moot. (Dkt. 21, pp. 12 – 13).

Defendant, through counsel, has withdrawn his Rule 12(b)(6) Motion to Dismiss as it relates to the Breach of Contract and Unjust Enrichment claims only, which renders moot the amount in controversy dispute. (Dkt. 24). Defendant proceeds by addressing Plaintiff's claim for Action on Open Account in this Reply Brief.

## II.  Argument

### A. The statute of limitations begins to run from the date of each item on Plaintiff's ledger because the account is not mutual.

The North Carolina Supreme Court was clear in <u>Hollingsworth v. Allen</u> regarding when a cause of action accrues in the case of a non-mutual account:

> In this last case unless there has been a payment within the statutory period or some binding recognition of the account within such time, the statute runs from the date of each item. And the charge of his honor, as we understand it, extends the principle applicable in this case of mutual accounts to an ordinary store account, must be held for error. This will be certified that a new trial be had, and, if the facts are as now presented, *recovery can only be had for items of account within the statutory period*. 97 S.E. 625, 626 (N.C. 1918).

Plaintiff attempts to draw a technical distinction between alleging that the account *was not* mutual versus *not* alleging that the account *was* mutual. (Dkt. 21, pg. 10). Plaintiff's characterization makes no difference because the account in this case, as Plaintiff alleges it exists, is not mutual. As more particularly developed in Section V(B)(1) of Defendant's opening Brief (Dkt. 17, pp. 6 – 7), N.C.G.S. §1-31 does not apply in the absence of mutuality – such as with an ordinary store account, or the account at issue here – where the credit is all on one side and only payments appear on the other.

2

See Brock v. Franck, 194 N.C. 346, 139 S.E. 696, 697 (1927) (stating an account consisting of charges on one side and payments on the other is not a mutual account); McKinnie Bros. Co. v. Webster, 188 N.C. 514, 125 S.E. 1 (1924) (confirming a mutual account requires reciprocal rights and liabilities). More recently, in Whitley's Elec. Service Inc. v. Sherrod, the North Carolina Supreme Court agreed with the Court of Appeals' conclusion that, ". . . [in] the absence of reciprocal demands and other characteristics of mutuality, the account alleged by plaintiff does not fall within General Statute 1-31." 238 S.E.2d 607, 611, 293 N.C. 498, 502 (N.C. 1977).

Here, because the account is not mutual, N.C.G.S. § 1-31 does not apply, and the statute of limitations begins to run from the date of each item on the account.

**B. Allegations of a partial payment do not revive Plaintiff's entire claim.**

In U.S. Steel Corp. v. Lassiter, the defendant's statute of limitations defense to an account claim was rejected where all items on the account were less than three years old at the time of payment and the action was filed within three years after the last payment was made. 221 S.E.2d 92, 28 N.C.App. 406 (N.C. App. 1976). The North Carolina Court of Appeals in Lassiter explained:

> It is well settled in this jurisdiction that each payment made on a current account starts the running of the statute of limitations anew as to all items *not barred at the time of payment*. Id. (citing Little v. Shores, 220 N.C. 429, 17 S.E.2d 503 (1941); Richlands Supply Company v. Banks, 205 N.C. 343, 171 S.E. 358 (1933); Supply Company v. Dowd, 146 N.C. 191, 59 S.E. 685 (1907)).

The critical language in Lassiter, " . . . not barred at the time of payment" provides guidance for our analysis. Here, Plaintiff alleges the following payments from

3

Defendant: $5,000.00 on November 21, 2019 and two separate $100.00 payments on April 21, 2020. (Dkt. 14-1, Exhibit A). Notably, the first loan installment was allegedly made to Defendant on January 21, 2015. Id. In order for Plaintiff's entire account claim to survive without the benefit of N.C.G.S. § 1-31, a payment by Defendant would have been required or before January 21, 2018. Instead, when viewed in the light most favorable to Plaintiff, the November 21, 2019 payment would only revive Plaintiff's claims for loans made to Defendant after November 21, 2016. The total amount of these claims, prior to credit being applied for payments, is $33,400.00. Of course, the alleged payments by Defendant on April 21, 2020 would operate to revive even less of Plaintiff's claim: $24,400.00 prior to credit for payments.

Plaintiff mistakenly relies on the holding in Sherrod, that, "[w]here a Plaintiff sues on a current account, a part payment which constitutes an acknowledgement begins the statute running anew as to the entire amount that is acknowledged and not merely those items which accrued within three years of the payment." 238 S.E.2d at 615. In Sherrod, the Court found sufficient evidence of circumstances surrounding Defendant's partial payment to constitute an acknowledgement where (a) the defendant was regularly making payments on a bank loan consistent with the parties' agreement, and (b) after the partial payment, the parties discussed the account and Defendant renewed a promise to pay. Id. at 612. In Bryant v. Kellum, the Supreme Court of North Carolina held that a $10 payment made toward a $500 debt after the statute of limitations had run does not operate to toll the statute absent evidence that the partial payment was "made under such

4

circumstances as will warrant the clear inference that the debtor recognizes the debt as then existing and his willingness, or at least, his obligation, to pay the balance." 209 N.C. 112, 113-114, 182 S.E. 708, 709 (N.C. 1935).

Here, neither Plaintiff's ledger nor the body of Plaintiff's Amended Verified Complaint provide any facts whatsoever regarding the circumstances surrounding the payment allegedly made by Defendant in November 2019. The only fact Plaintiff alleges which could be construed as even remotely related to the circumstances surrounding the April 21, 2020 payments is the Raskin email. (Dkt. 14, ¶ 15(c)). Plaintiff does not allege (a) what is included in the attachment(s) to the email, (b) the existence of any writing signed by the party to be charged (as required by N.C.G.S. §1-26), or (c) the existence of any timely statement from Defendant acknowledging the existence of the entire debt.[1] Unlike in Sherrod, Plaintiff makes no allegations of regular, recurring payments by Defendant or a conversation with Defendant at or near the time of any payment. Plaintiff simply cannot argue the existence of *any* inference associated with the alleged payments, let alone a *clear* inference, regarding Defendant's recognition of the debt or his obligation to pay the entire balance. Therefore, at best, only such loans allegedly made after November 21, 2016 can survive dismissal.

---

[1] As more particularly explained in Defendant's opening Brief (Dkt. 17, pp. 8 – 9), the alleged text messages from 2015 and 2017 are too old and otherwise irrelevant to the analysis of whether the requisite acknowledgement by Defendant of the entire debt existed at the time of the 2019 or 2020 payments.

## III. Conclusion

Plaintiff's Action on Open Account claim for items provided prior to November 21, 2016 should be dismissed with prejudice.

## IV. Certification of Word Count

Pursuant to Local Rule 7.3(d), the undersigned hereby certifies that the body of the above brief, including headings and footnotes, does not exceed 3,125 words. The basis for this certification is the word count feature of the word processing software used to prepare this Brief.

Respectfully submitted,

This the 25th day of February, 2022.

**SIGMON KLEIN, PLLC**

By: /s/ Ben E. Klein
NC Bar No. 40993
Email: ben@sklawnc.com

By: /s/ Grant Sigmon
NC Bar No. 43205
Email: grant@sklawnc.com

114 N. Elm St., Ste. 210
Greensboro, NC 27401
Telephone: 336-663-8773
Facsimile: 336-663-8777

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that this day he served a copy of the foregoing document on counsel of record by electronically filing same via the ECF System, which will send notice to all counsel of record as follows:

Akiva M. Cohen
acohen@kusklaw.com
Kamerman, Uncyk, Soniker & Klein PC
1700 Broadway, 16th Floor
New York, NY 10019-5977

T. Greg Doucette
greg@tgdlaw.com
The Law Offices of T. Greg Doucette, PLLC
311 E. Main St.
Durham, NC 27701-3717

This the 25th day of February, 2022.

**SIGMON KLEIN, PLLC**

By: /s/ Grant Sigmon
NC Bar No. 43205
Email: grant@sklawnc.com

*Attorney for Defendant*