IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| DR. DEIRDRA LEANE,<br><br>           Plaintiff,<br>v.<br><br>WILLIAM RALPH CARTER, JR.,<br><br>           Defendant. | Civil Action No. 1:21 – CV – 00514 |

### DEFENDANT'S ANSWER and AFFIRMATIVE DEFENSES

**NOW COMES** Defendant William R. Carter, Jr., by and through his undersigned counsel, and hereby responds to the allegations set forth in Plaintiff's Amended Verified Complaint (Dkt. 14) as follows:

### PARTIES

1. Admitted, upon information and belief.
2. Admitted.

### JURISDICTION AND VENUE

3. Admitted.
4. Admitted.
5. Admitted.

### FACTS

6. Admitted.

7. Admitted.

8. It is denied that Defendant left the patent business. It is admitted that Defendant has business ventures of his own. Except as admitted herein, denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. It is admitted that Exhibit A to Plaintiff's Amended Verified Complaint speaks for itself and is the best evidence of its contents. Except as specifically admitted herein, denied.

15. Denied, including all sub-parts.

16. Denied.

## FIRST CAUSE OF ACTION
## ACTION ON OPEN ACCOUNT

17. The foregoing responses are re-alleged and incorporated by reference as if fully set forth herein.

18. Denied.

19. Denied.

20. Denied.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

21. The foregoing responses are re-alleged and incorporated by reference as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

## THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT

25. The foregoing responses are re-alleged and incorporated by reference as if fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## FIRST AFFIRMATIVE DEFENSE: GENERAL DENIAL

Defendant denies all allegations of Plaintiff's Amended Verified Complaint not expressly admitted herein and Defendant generally denies any liability to Plaintiff for any reason whatsoever. Defendant re-alleges and incorporates by reference the foregoing responses into each Affirmative Defense alleged herein.

### SECOND AFFIRMATIVE DEFENSE: STATUTE OF LIMITATIONS

Defendant pleads and asserts that Plaintiff's claims are barred entirely by the Statute of Limitations period pursuant to N.C. Gen. Stat. §1-52 and other applicable law.

### THIRD AFFIRMATIVE DEFENSE: LACK OF CONSIDERATION

Defendant denies the existence of a valid contract between Plaintiff and Defendant, and specifically raises lack of consideration in bar of Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE: FAILURE TO MITIGATE DAMAGES

Plaintiff's claims and relief sought are barred to the extent that Plaintiff has failed to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS, WAIVER, ESTOPPEL, and LACHES

Defendant pleads and assert that Plaintiffs' Amended Verified Complaint is barred in whole or in part by the doctrines of unclean hands, waiver, estoppel, and/or laches based upon Plaintiff's own conduct.

### SIXTH AFFIRMATIVE DEFENSE: GIFT and/or CONSENT

Plaintiff's claims are barred in whole or in part to the extent any alleged loans made to Defendant were gifts. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has acquiesced or consented to Defendant's failure to pay same.

## SEVENTH AFFIRMATIVE DEFENSE: PAYMENT and OFFSET

To the extent the trier of fact determines Defendant is liable to Plaintiff in any amount, which Defendant specifically denies, Defendant hereby asserts an offset and/or credit against such damages to the extent payment(s) were made to Plaintiff.

## RESERVATION OF DEFENSES

Defendant hereby asserts and maintains his right to raise any additional affirmative defenses shown to exist via discovery or other proceedings in this litigation.

**WHEREFORE**, Defendant respectfully prays the Court for the following relief:

1. That Plaintiff have and recover nothing of Defendant;
2. That the claims asserted by Plaintiff in this action be dismissed, with prejudice;
3. That Defendant have and recover all applicable costs, in the highest amount provided by law;
4. That Defendant have and recover his reasonable attorneys' fees to the extent provided by law;
5. That this matter be tried before a jury on all issues so triable; and
6. That Defendant have and recover all such other and further relief as this Honorable Court deems to be just and proper.

[signatures on following page]

Respectfully submitted, this the 25th day of February, 2022.

                              **SIGMON KLEIN, PLLC**

                              By: /s/ Ben E. Klein
                              NC Bar No. 40993
                              Email: ben@sklawnc.com
                              By: /s/ Grant Sigmon
                              NC Bar No. 43205
                              Email: grant@sklawnc.com
                              *Attorneys for Defendant*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that this day he served a copy of the foregoing document on counsel of record by electronically filing same via the ECF System, which will send notice to all counsel of record as follows:

Akiva M. Cohen (email: acohen@kusklaw.com)
Kamerman, Uncyk, Soniker & Klein PC
1700 Broadway, 16th Floor
New York, NY 10019-5977

T. Greg Doucette (email: greg@tgdlaw.com)
The Law Offices of T. Greg Doucette, PLLC
311 E. Main St.
Durham, NC 27701-3717

This the 25th day of February, 2022.

**SIGMON KLEIN, PLLC**

By: /s/ Grant Sigmon
NC Bar No. 43205
Email: grant@sklawnc.com

*Attorney for Defendant*