IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DR. DEIRDRE LEANE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:21CV514 |
| WILLIAM RALPH CARTER, JR., | ) |
| Defendant, | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant William Ralph Carter's Motion to Dismiss for Failure to State a Claim [Doc. #16]. Pursuant to the Notice of Partial Withdrawal [Doc. #24] filed February 25, 2022, Defendant's Motion to Dismiss was withdrawn as to Plaintiff's claims for breach of contract and unjust enrichment. Thus, the Motion to Dismiss remains pending only with respect to Plaintiff's remaining claim for an action on an open account. Defendant seeks dismissal based on the application of a statute of limitations defense. For the reasons set forth below, the Court will recommend that Defendant's Motion to Dismiss be denied at this stage in the proceedings.

I.   BACKGROUND AND FACTS

Plaintiff Dr. Dierdre Leane seeks to recover at least $283,452.94 in damages from Defendant William Ralph Carter, Jr., under three causes of action: breach of contract, unjust enrichment, and action on an open account. Plaintiff, a citizen of Ireland and a resident of

Texas, first filed this action against Defendant, a citizen of North Carolina, on June 22, 2021. Defendant filed a Motion to Dismiss [Doc. #10], which he withdrew after Plaintiff filed her Amended Complaint [Doc. #14]. Defendant then filed the present Motion to Dismiss for Failure to State a Claim [Doc. #16] as to the Amended Complaint. Plaintiff filed her Response [Doc. #21], and Defendant filed his Reply [Doc. #25]. In addition, Defendant filed a Notice of Partial Withdrawal [Doc. #24] of the pending Motion to Dismiss, withdrawing the Motion to Dismiss as to Plaintiff's claims for breach of contract and unjust enrichment. Thus, the Motion to Dismiss for Failure to State a Claim remains pending only as to Plaintiff's claim for action an on open account.

The allegations in the Amended Complaint, taken as true for the purposes of the instant Motion to Dismiss, show that the Parties were previously coworkers at a business which focused on patent matters, until both Parties eventually left the business to begin their own business ventures. (Am. Compl. ¶¶6-8.) Plaintiff started her own patent consulting business, while Defendant "began a variety of business ventures on his own." (Id.) Plaintiff alleges that beginning in 2014, Defendant "periodically sought loans from Plaintiff to finance a variety of his activities", which Plaintiff agreed to provide "in exchange for repayment[.]" (Id. ¶¶9-10.) Plaintiff alleges that she began a ledger "to document amounts loaned to the Defendant over time", that both Parties intended for the individual transactions to be considered as a connected series, rather than separate, independent loans, and that the Parties expected to participate in further business dealings with one another. (Id. ¶¶10-12.) Additionally, Plaintiff alleges that the repayment dates of the amounts that Plaintiff loaned to Defendant were adjusted over time, with Defendant's balance owed adjusted to reflect payments and additional

2

loans, as reflected by the Ledger that she kept to document the transactions. (Id. ¶¶13-14.) Plaintiff submitted that Ledger as Exhibit A to the Amended Complaint. [Doc. #14-1].

Plaintiff alleges that Defendant acknowledged the debt to Plaintiff and amounts owed on several occasions: on July 27, 2015 during a conversation where Defendant orally asked Plaintiff for a statement of the amount owed and Plaintiff emailed Defendant a copy of the ledger at the time, to which Defendant did not object; on August 7, 2017 by text message, where Defendant asked Plaintiff for an additional $5,000 loan, Plaintiff responded that Defendant's then-owed balance was in excess of $240,000, and Defendant then responded that he understood and renewed his promise to repay Plaintiff; and on April 30, 2020 by letter from Defendant's attorney to Plaintiff styled "Letter Agreement Re: Promissory Note Purchase and Repayment of Debt(s)" with an accompanying email in which Defendant's attorney stated that Defendant wanted to "come up with a proposal" and that he "hopes [Plaintiff] feel[s] this is a reasonable compromise." (Am. Compl. ¶15.) Plaintiff alleges that Defendant has not repaid the amounts owed and detailed in Exhibit A. (Id. ¶16.)

With respect to Plaintiff's claim for action on an open account, Plaintiff alleges that she opened an account for Defendant, that she maintained a ledger of dates and amounts of loans made as well as credits and debits over time, that Plaintiff loaned Defendant the amounts identified in the ledger, and that the amount identified in the ledger has been an outstanding debt since the last transaction between the Parties. (Id. ¶¶17-19.) Finally, Plaintiff alleges that the last transaction between the Parties was a partial repayment from Defendant to Plaintiff on April 21, 2020. (Id. ¶20.) The Ledger submitted alongside the Amended Complaint contains entries documenting the alleged transactions between the Parties, including a $5,000

3

Loan to Defendant on October 4, 2019, and two $100 payments from Defendant to Plaintiff on April 21, 2020. (Ledger [Doc. #14-1] at 2.)

For the reasons that follow, the Court will recommend that Defendant's Motion to Dismiss be denied. Further, the Court will order that this matter be set for an Initial Pretrial Conference on September 22, 2022 at 9:30 a.m. in Winston-Salem, North Carolina.

II. DEFENDANT'S MOTION TO DISMISS

A. Applicable Legal Standard

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Plaintiff has failed to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard does not require "detailed factual allegations," but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. A claim is facially plausible when the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. In this way, Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 500 U.S. at 555, 570; see Iqbal, 556 U.S. at 680. The Court must accept as true all of the factual allegations contained in a complaint, but is not bound to accept legal conclusions. Iqbal, 556

4

U.S. at 678. Thus, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

With respect to a statute of limitations defense, "a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred. But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (quoting Richmond, Fredericksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)); CSX Transp., Inc. v. Gilkison, 406 Fed. App'x 723, 728 (4th Cir. 2010); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). "To require otherwise would require a plaintiff to plead affirmatively in his complaint matters that might be responsive to affirmative defenses even before the affirmative defenses are raised." Goodman, 494 F.3d at 466.

B. Discussion

In this diversity action invoking a state law claim, the Court applies North Carolina substantive law, including North Carolina's choice-of-law rules. See, e.g., Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 599–600 (4th Cir. 2004). According to North Carolina choice-of-law rules, "the interpretation of a contract is governed by the law of the place where the contract was made." Tanglewood Land Co., Inc. v. Byrd, 299 N.C. 260,

5

262 (1980). In the present case, the parties have not addressed the application of North Carolina choice of law rules (such as where the contract was made), but both sides assume that North Carolina law applies. Therefore, the Court considers the matter under North Carolina law, but without prejudice to further future consideration of how North Carolina choice of law rules would apply in this case.

Under North Carolina law, "an ordinary open account results where the parties intend that the individual transactions are to be considered as a connected series rather than as independent of each other[,] a balance is kept by adjustment of debits and credits, and further dealings between the parties are contemplated. Such an account is 'running' or 'current' where it continues with no time limitations fixed by express or implied agreement." Whitley's Elec. Serv., Inc. v. Sherrod, 293 N.C. 498, 503, 238 S.E.2d 607, 611 (1977). The statute of limitations for an open account claim is three years. Channel Group LLC v. Cooper, 202 N.C. App. 584 n.2, 691 S.E.2d 133 n.2, 2010 WL 522720 (2010). Notably:

> [a] part payment operates to toll the statute if made under such circumstances as will warrant the clear inference that the debtor in making the payment recognized his debt as then existing and acknowledged his willingness, or at least his obligation, to pay the balance. . . . Such a payment is given this effect on the theory that it amounts to a voluntary acknowledgement of the existence of the debt. From this acknowledgement the law implies a new promise to pay the balance.

Whitley's Elec., 293 N.C. at 505, 238 S.E.2d at 612. The Supreme Court of North Carolina further made clear that "where plaintiff sues on a current account, a part payment which constitutes an acknowledgment <u>begins the statute running anew as to the entire amount that is acknowledged and not merely those items which accrued within three years of the payment</u>." Whitley's, 293 N.C. at 510, 238 S.E.2d at 615 (emphasis added); see also Hudson v. Game

World, Inc., 126 N.C. App. 139, 144, 484 S.E.2d 435, 439 (1997) ("When the plaintiff sues on a running or current account, a partial payment on the account acknowledging the entire indebtedness begins the statute running anew as to the entire amount.").[1]

In the present case, Plaintiff alleges partial payment in late April 2020, and further alleges receipt of a letter from Defendant's attorney a few days later offering an agreement for repayment of debts and making a proposal for reasonable compromise. Plaintiff also alleges Defendant's prior acknowledgement and affirmance of the debt on the account. The allegations together at least raise the potential for "such circumstances as will warrant the clear inference that the debtor in making the payment recognized his debt as then existing and acknowledged his willingness, or at least his obligation, to pay the balance." Whitley's Elec., 293 N.C. at 505, 238 S.E.2d at 612. To the extent Defendant contends that the partial

---

[1] In his Reply Brief, Defendant cites to cases decided prior to the Supreme Court of North Carolina's decision in Whitley's Elec., particularly the Court of Appeals of North Carolina's decision in U.S. Steel Corp. v. Lassiter, 221 S.E.2d 92, 28 N.C. App 406 (1976), which noted that a payment "starts the running of the statute of limitations anew as to all items *not barred at the time of payment*." That holding in Lassiter relied on the earlier decisions of Little v. Shores, 220 N.C. 429, 17 S.E.2d 503 (1941), and Richlands Supply Company v. Banks, 205 N.C. 343, 171 S.E. 358 (1933), also cited by Defendant in the Reply Brief. However, the Supreme Court of North Carolina in Whitley's Elec. specifically addressed the decisions in Little and Richlands Supply. The Whitley's Elec. court began by noting that that:
> While there is language in some of the decisions suggesting that a part payment on a current account revives only those items that accrued within three years preceding the payment, this Court has not so held in any case where (1) a current account was established, (2) the debtor made a partial payment, and (3) there were circumstances showing that in making the payment the debtor intended to acknowledge the entire account and thereby impliedly promised to pay the balance due.

Whitley's Elec., 293 N.C. at 507, 238 S.E.2d at 613. The Whitley's Elec. court noted that the decision in Richlands Supply had not considered "the presence or absence of circumstances showing that the debtor's payment acknowledged the entire account." Whitley's Elec., 293 N.C. at 508, 238 S.E.2d at 614. Similarly, the Whitley's Elec. court noted Little was not clear "whether consideration was given to any circumstances that might show whether the defendant's payment constituted her acknowledgment of the entire account balance." Whitley's Elec., 293 N.C. at 509, 238 S.E.2d at 614. As set out above, the Supreme Court of North Carolina in Whitley's Elec. ultimately concluded that "where plaintiff sues on a current account, a part payment which constitutes an acknowledgment begins the statute running anew as to the entire amount that is acknowledged and not merely those items which accrued within three years of the payment." Whitley's Elec., 293 N.C. at 510, 238 S.E.2d at 615.

payments and acknowledgements alleged by Plaintiff are insufficient to establish that Defendant acknowledged the entire account, those are factual issues beyond the face of the Complaint and beyond the scope of a Motion to Dismiss on an affirmative defense. As noted above, Plaintiff is not required to include allegations in the Complaint negating an affirmative defense, and in this case the facts on the face of the Complaint do not conclusively show that the statute of limitations would preclude Plaintiff's claims for recovery on an open account.[2]

Defendant raises an additional argument, contending that Plaintiff is precluded from taking advantage of a separate statute of limitations provision set out in North Carolina General Statute § 1-31. Under that statutory provision, "[i]n an action brought to recover a balance due upon a mutual, open, and current account, where there have been reciprocal demands between the parties, the cause of action accrues from the time of the latest item proved in the account on either side." N.C. Gen. Stat. § 1-31. Defendant notes that an account may satisfy the mutuality requirement of § 1-31 only "if there are reciprocal dealings so that each party extends credit to the other and the account is allowed to run with a view to an ultimate adjustment of the balance." Whitley's Elec., 293 N.C. at 503, 238 S.E.2d at 611 (citing Brock v. Franck, 194 N.C. 346, 139 S.E. 696 (1927); McKinnie Bros. v. Wester, 188 N.C. 514, 125 S.E. 1 (1924); Hollingsworth v. Allen, 176 N.C. 629, 97 S.E. 625 (1918)). As set out above, Plaintiff sets out a claim for an action on an open account based on a series of one-way loans, not based on a mutual account. However, it is not necessary to consider the application of § 1-31 in this case because Plaintiff does not rely on the provisions of N.C. Gen.

---

[2] The Court also notes that the case is proceeding to discovery in any event on the breach of contract and unjust enrichment claims, and therefore it would be appropriate to consider any statute of limitations issues as to all of the claims together on a more complete record after discovery.

8

Case 1:21-cv-00514-WO-JEP   Document 27   Filed 08/08/22   Page 8 of 9

Stat. § 1-31, and instead relies on Defendant's partial payment and acknowledgement as discussed above. Thus, there is no need to rely on or further address the statute of limitations provision of § 1-31 at this time.

Finally, the Court notes that there is no reason to further delay discovery in this case, particularly since it is clear that at least the claims for breach of contract and unjust enrichment are proceeding. Therefore, the Court will set the case for an Initial Pretrial Conference.

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendant's Motion to Dismiss for Failure to State a Claim [Doc. #16] be DENIED, without prejudice to further consideration of statute of limitation issues after discovery.

IT IS ORDERED that this case is set for an Initial Pretrial Conference on September 22, 2022, at 9:30 a.m., in Courtroom 3 of the Federal Courthouse in Winston-Salem, North Carolina.

This, the 8th day of August, 2022.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge